By the Court.
The council of the city of Van Wert enacted ordinance No. 906, effective August 28, 1921, fixing for two years the price to be charged by The Van Wert Gas Light Company for gas sold by it to consumers within the municipality.
The Van Wert Gas Light Company, plaintiff in error herein, appealed from the ordinance to the public utilities commission, upon the ground that the ordinance was confiscatory, and asked the commission upon hearing to fix a reasonable rate to be charged during the life of the ordinance. Hearings were had by the commission, pursuant to which it fixed by final order the valuation of the property of the plaintiff in error as of September 1, 1921.
It is the claim of the plaintiff in error:
*171 “1. The commission disregarded the statutory law controlling its proceedings in this case.
“2. Aside from the commission’s legal errors, it did not, at any time or in any manner, inventory, inspect or actually fix a final valuation on this property.”
The record discloses that in the year 1918 an appeal was taken by the plaintiff in error herein from an ordinance passed at that time by the council of the city of Van Wert; that that case was numbered 1513; that in the trial of that case the public utilities commission sent one of its engineers to the city of Van Wert and that this engineer there gathered the data from which the commission fixed the tentative value of the property of the plaintiff in error at $146,690.05; that no objections were filed to the tentative value by either the plaintiff in error or the city, and by operation of law the valuation became final; that the public utilities commission in the case liere fixed the value of the property of the plaintiff in error, as of September 1, 1921, at the value fixed by it in 1918, plus betterments and extensions and improvements at the actual cost thereof, less withdrawals and depreciations since that date.
Upon the hearing, the plaintiff in error offered in evidence a new appraisal, or, perhaps, more accurately speaking, two new appraisals of the whole property, as of the date of August 27,1921, and over the objection of the city these appraisals were admitted in evidence, which appraisals showed the value of the property of plaintiff in error on August 27, 1921, to be “Using unit prices for labor and materials averaged over the five years preceding the date of appraisal” $526,580, less depreciation $74,- *172 811, value $451,769, and “Using unit prices for labor and materials current at the date of appraisal” $521,638, depreciation $75,231, value $446,407.
The plaintiff in error also by formal motion requested the commission to make a part of the record of this proceeding its valuation of the property of the plaintiff in error as found and determined by the commission in its proceeding No. 1513. The commission refused, and overruled the motion. Thereafter the city offered in evidence the journal entry of cause No. 1513, which entry fixed the tentative value of the property of The Van "Wert Gas Light Company, as of the 21st day of August, 1918, the final entry in that case and the inventory of the property and the tentative valuation found by the commission as to the different units making up the property, and testimony was offered and received as to the nature of the investigation and the accuracy and completeness of that inventory.
At the conclusion of the several hearings the commission made an entry, from which the following is quoted:
“This day, this matter came on for further consideration:
“And the Commission, coming now to value the property of said The Van Wert Gas Light Company, used and useful for the convenience of the public in the furnishing of artificial gas for public and private use, and after considering the inventory of its property filed herein by said company, the evidence and exhibits, and having completed an inventory and valuation of said property, and being fully advised in the premises:
“The Commission finds and ascertains the value of the several classes and kinds of property of said *173 The ‘Van Wert Gras Light Company, used and useful for the convenience of the public in the furnishing of artificial gas for public and private purposes, and of said property as a whole, as of September first, 1921 (being the appraisal of said property, as of August twenty-first, 1918, as determined by this Commission in proceeding No. 1513, brought to the aforesaid day certain, by proper adjustments for additions to, and withdrawals from property account, and accrued depreciation), to be as set forth in the following summary, viz: .
Reproduction Description Value Total Depreciation Present Value .
Land ....................$ 7,200.00 $ $ 7,200.00
Structures ............... 11,008.38 5,210.78 5,797.60
Mechanical equipment ____ 47,463.99 18,739.70 28,724.29
Power plant piping....... 400.00 206.88 193.12
Gas mains ............... 77,016.43 46,513.94 30,502.49
Services ................. 17,731.02 11,193.07 6,537.95
Meters ........;.......... 14,493.10 7,545.85 6,947.25
Office furniture and fixtures 1,734.18 369.43 1,364.75
Horses, wagons & equipment 297.48 79.30 218.18
Shop equipment and tools.. 560.70 170.22 390.48
Suh-Total; physical property ............... 177,905.28 90.029.17 87,876.11
Material and supplies .. 1.919.27 1.919.27
Suh-Total ...............$179,824.55 90.029.17 89,795.38
Overheads and Intangibles Omissions ............ 8,631.23 4,501.45 4,129.78
Preliminary organization and franchise expense 5.000.00 5,000.00
Taxes $186,536.51 x .70 ____ 1,305.76 1,305.76
Interest $192,842.27 x .03 .. 5,785.27 5.785.27
Working capital .......... 6,569.59 6,569.59
*174 Sub-Total ................$207,116.40 94,530.62 112,585.78
Additions and betterments from Aug. 21, 1918, to Sept. 1, 1921 ........ 12,012.72 122.40 11,890.32
Total Property in Use ....$219,129.12 94,643.02 124,476.10
Property not used or useful 48,601.93 26,387.98 22,213.95
A protest having been filed by the plaintiff in error to the tentative valuation thus fixed, and a hearing having been had thereon, the commission found:
£ £ That a final valuation of the several classes and kinds of property, and the property as a whole, as of August twenty-first, 1918, of said The Van Wert Gas Light Company was duly ascertained and determined by this Commission, pursuant to the law in such case made and provided, in proceeding No. 1513;
“That there is no evidence before the Commission showing such material change in the physical property of said company as to necessitate a revaluation of the same at this time;
“That the tentative valuation of appellant’s property, as certified herein upon the eighth day of February, 1922, consisted of the aforesaid final valuation of appellant’s property, as of August twenty-first, 1918, brought to the day certain herein (September first, 1921), by proper adjustments for actual additions to and withdrawals from property account, and for accrued depreciation;
“That, in pursuance of the provisions of Section 499-11 and 499-18, G. C. of Ohio, having ascertained the value of all extensions and additions made to said property subsequent to the day certain of said former valuation, and, hereinbefore found that there has not been such material change in said physical *175 plant and property as to necessitate a revaluation of the same at this time, the- only revisions and corrections necessary to bring said valuation to the date September first, 1921, are the adjustments (made in said tentative valuation herein, as aforesaid), for actual additions to and withdrawals from property account, and for accrued depreciation.”
And the commission then confirmed the tentative valuation as a final valuation.
It is the claim of the plaintiff in error that the commission “did not, at any time or in any manner, inventory, inspect or actually fix a final valuation on this property,” and it is then, to quote from the brief of plaintiff in error, assumed “that the Commission took the alleged tentative valuation of the property as of August 21, 1918 * * * and proceeded upon some theoretical or imaginary depreciation thereof, contrary to Subdivision E of Section 499-9 of the General Code, to get the value of the property so inventoried, as of September 1, 1921.”
Subdivision E of Section 499-9, General Code, reads: “Depreciation, if any, from the new reproductive cost as of a date certain, for existing mechanical deterioration, for age, for obsolescence, for lack of utility or for any other cause, the percentage and amount of each class of depreciation, if any, to be specifically set forth in detail.”
An inspection of the jotimal entry fixing the tentative valuation does not support the contention.
The journal entry discloses that the commission took the valuation of August 21,1918, as a basis for its valuation, with the additions and subtractions therefrom as required by law. That valuation was made a part of the record in this case by its formal *176 introduction by tbe city, and, without suggesting what the situation would have been had it not been brought into this record, once properly in the record its probative value was a matter for the determination of the commission, as was the probative value of the inventories offered by the plaintiff in error and all other evidence in the case.
By what process of reasoning the commission determined that its inventory of August 21, 1918, carried with it more probative force than the inventory filed by the plaintiff in error, it was not required to disclose; nor is this court in position to determine. The commission, however, having admitted all the evidence offered by the plaintiff in error, and having by its journal entry expressly declared “after considering the inventory of its property filed herein by said company, the evidence and exhibits, and having completed an inventory and valuation of said property, and being fully advised in the premises,” this court cannot say, as a matter of law, that it was the duty of the commission to have found that its own inventory of August 21, 3918, was entitled to less probative force than the inventories of the plaintiff in error; or the converse thereof.
The order of the public utilities commission will be affirmed.

Order affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson and Clark, JJ., concur.
Matthias, J., took no part in the consideration or decision of the case.